(81 South. 693)

VAUGHN v. VAUGHN et al. (5 Div. 238.)

(Court of Appeals of Alabama. April 15, 1919. Rehearing Denied May 6, 1919.)

1. WITNESSES ⟐159(8)—COMPETENCY—CONTRACT WITH DECEASED.

In action on administrator's bond by plaintiff, who claimed to be intestate's common-law widow, plaintiff's testimony as to whether she and intestate had agreed to live together as man and wife was incompetent under Code 1907, § 4007, being testimony as to transactions with deceased where the estate was interested in result of suit.

2. APPEAL AND ERROR ⟐1058(2)—REVIEW—HARMLESS ERROR—EXCLUSION OF TESTIMONY.

In action on administrator's bond by alleged common-law widow of deceased, exclusion of plaintiff's testimony as to whether plaintiff and deceased had agreed to live together as man and wife was harmless, where plaintiff later, without objection, testified fully as to conditions under which they lived together.

3. WITNESSES ⟐268(1) — CROSS-EXAMINATION.

In action on administrator's bond by alleged common-law widow of deceased, plaintiff, while testifying as a witness in her own behalf, was properly required to answer question, "When did you marry G.?" such question being legitimate cross-examination.

4. TRIAL ⟐253(5)—INSTRUCTIONS—ISSUES.

In action on administrator's bond, where defendants, in addition to plea of general issue, interposed plea of estoppel, requested instructions ignoring the issue presented by the plea of estoppel were properly refused.

Appeal from Circuit Court, Tallapoosa County; S. L. Brewer, Judge.

Action by Carrie Vaughn against Ben Vaughn, as administrator of the estate of Fred Vaughn, and the sureties on his bond as such administrator. Judgment for defendants, and plaintiff appeals. Affirmed.

The defendant interposed the plea of the general issue and a plea of estoppel setting up in effect that after the death of Fred Vaughn and before letters were granted on his estate to the defendant Ben Vaughn, father of Fred Vaughn, plaintiff told Ben Vaughn and other persons in his presence and hearing that Fred Vaughn was not her husband, and that after Ben Vaughn had procured letters of administration on the estate of Ben Vaughn, and all during his administration and until final settlement made under orders of the court having charge of the administration, said administrator had no notice, knowledge, or information that plaintiff was or claimed to be the widow of Fred Vaughn; that plaintiff knew that defendant had been appointed administrator and was acting as such, and never made any claim to him or any demand for any part or parcel of the estate, and never made any claim or demand for the money claimed in this suit until the suit was filed, which was long after the administrator had made a final settlement of his administration and a distribution of the assets among the heirs of the estate under orders of the court.

James W. Strother, of Dadeville, for appellant.

Bridges & Oliver, of Dadeville, for appellees.

BRICKEN, J. This was a suit by the appellant against Ben Vaughn and others upon an administrator's bond, the said Ben Vaughn being the principal in the administrator's bond, and the other appellees being sureties on the bond.

The plaintiff claims that she was the widow of one Fred Vaughn; that the said Ben Vaughn, as administrator of the estate of Fred Vaughn, had collected $800 to which she was lawfully entitled, and had refused to pay it over to her. The case was tried upon the plea of the general issue and two special pleas interposed by the defendants. The evidence of the plaintiff tended to support the averments of the complaint, while the evidence of the defendant tended to support the averments of the special pleas.

[1, 2] The plaintiff relied upon a common-law marriage to support the averment that she was the wife of the deceased, Fred Vaughn. There was proof tending to show that plaintiff had been married before, and that one of her husbands was living at the time that she and the deceased were living

together. The appellant complains of the ruling of the court in sustaining objection to the question propounded to plaintiff, "Now state whether or not you and Fred Vaughn agreed to live together as man and wife." There was no error in sustaining the objection to this question. The plaintiff was incompetent to testify as to any transaction with or statement made by deceased, Fred Vaughn, whose estate was interested in the result of this suit or proceeding, the witness having a pecuniary interest in the result thereof. Code 1907, § 4007. Or, if there was error in sustaining the objection to this question, it was error without injury; for the witness without objection later testified fully as to the conditions under which they lived together.

[3] There was no error in overruling the objection to the question, "When did you marry Green?" which was propounded to plaintiff on cross-examination while testifying 'as a witness in her own behalf. This was legitimate to be shown on cross-examination. Furthermore, no motion was made to exclude the answer.

[4] We have examined the several charges refused to the defendant, and are of the opinion that there was no error in the several rulings thereon. These charges ignored the issue presented by the plea of estoppel.

The judgment of the circuit court is affirmed.

Affirmed.